**BRADLEY GROMBACHER, LLPs**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:   (805) 212-5124
Facsimile:   (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

(*Additional Counsel on Subsequent Page*)
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| LYNETTE GONZALEZ, MICHAELA FURDZOVA, LUCAS MARISCAL, STEPHANIE PORTER, SEATON COLLARD, JAMES COFFIN, LAWRENCE EBEL, PATRICK ROJAS, SYMONE SWEAZIE, SARAH COWART, KYMBERLY LOVETT, KIM MILLER, DAN SCALF, DAVID ULERY, RICKY WRIGHT, MICHAEL MILLER, CLAUDE VOGEL, ARLETA KORDYLEWSKA, BROOKE TOLAN, KEISHA WALTON, MICHELLE GROCHOWSKI, RAQUEL PEREZ, and SANDRA NICLAS individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH-ADE. LLC, a Delaware limited liability company<br><br>Defendant. | CASE NO.  5:18-cv-01836-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 16 AND 26(f), LOCAL RULE 16, AND THE COURT'S ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |

-1-
**JOINT CASE MANAGEMENT STATEMENT**
**Case No. 5:18-cv-01836-MMC**

1 | **MORGAN & MORGAN**
John A. Yanchunis
2 | Ryan McGee
201 N. Franklin Street, 7th Floor
3 | Tampa, Florida 33602
Telephone Number: (813) 223-5505
4 | Facsimile Number: (813) 222-4736
jyanchunis@forthepeople.com
5 | rmcgee@forthepeople.com

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Federal Rule of Civil Procedure Rules 16 and 26, Local Rule 16 and this Court's Order Setting Initial Case Management Conference and ADR Deadlines [ECF Dkt. No. 16] ("ISC Order") plaintiffs, Lynette Gonzalez, Michaela Furdzova, Lucas Mariscal, Stephanie Porter, Seaton Collard, James Coffin, Lawrence Ebel, Patrick Rojas, Symone Sweazie, Sarah Cowart, Kymberly Lovett, Kim Miller, Dan Scalf, David Ulery, Ricky Wright, Michael Miller, Claude Vogel, Arleta Kordylewska, Brooke Tolan, Keisha Walton, Michelle Grochowski, Raquel Perez and Sandra Niclas ("Plaintiffs") and defendant, Health-Ade LLC ("Defendant" or "Health-Ade") have met and conferred and hereby submit the following Joint Case Management Statement.

1. **Jurisdiction and Service:**

Plaintiffs assert that jurisdiction is proper in this Court under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005. Plaintiffs further assert that, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over any state law claims because all of the claims are derived from a common nucleus of operative facts and are such that Plaintiffs ordinarily would expect to try them in one judicial proceeding.

All parties have been served.

Health-Ade is not contesting personal jurisdiction or venue.

2. **Facts:**

a. **Plaintiffs' Statement**

In this putative class action, Plaintiff challenges the labeling and advertising for kombucha beverages sold by Defendant[1]. In particular, Plaintiff challenges the claims that Health-Ade misrepresents the sugar content in the beverages[2]. Plaintiff alleges in the complaint that, "[t]he nutrition panels of Health-Ade Kombuchas claim that the beverages contain between two and

---

[1] Kombucha is a beverage derived from a sugar-sweetened tea (black or green) that has been mixed with yeast and bacteria and then given time to ferment

[2] It should be noted that Plaintiffs' claims are now related to the claims alleged by plaintiffs in the case of *Bayol v Health-Ade LLC*, Case No. 18-cv-01462. Plaintiffs in the present action filed their complaint on March 23, 2018, subsequently, on May 15, 2018, plaintiffs in *Bayol* --a case previously alleging claims related to the alcohol content of the subject beverages— amended to add overlapping sugar claims. (see Section 9 *infra*)

four grams of sugar per eight ounces serving of eight fluid ounces." (Complaint [ECF Dkt. No. 1] at ¶90.) While testing conducted by third party laboratory commission by Plaintiff as well as testing caused to be performed by additional third-party laboratories has "consistently demonstrated that the health-Ade Kombucha beverages actually each contain between 11 and 13 grams of sugars per serving. This translates to between four and six times more sugar than is stated on the products' label." (Complaint at ¶¶ 91-92.) Moreover, Plaintiff alleges that the additional sugar content undermines the health benefits Defendant touts in the beverages – particularly the benefits of the probiotics and acids on digestive and overall health—because "sugar has been linked to the overgrowth of bad bacteria and Candida in the intestinal tract…[and] [i]mbalances in digestive flora have been linked to disease such as arthritis and autoimmune disease." (Complaint at ¶ 95.)

Plaintiff seeks to proceed in her own capacity and on behalf of a class of other Health-Ade purchasers.

The parties anticipate that factual questions at issue in the action shall include: the sugar content of the subject beverages;

### b. **Health-Ade's Statement**

Health-Ade manufactures kombucha beverages. Plaintiffs allege that Health-Ade understates the sugar content of its kombucha beverages. These allegations are false. Health-Ade regularly tests its beverages for quality and compliance using validated testing procedures, and its testing confirms that the sugar content is consistent with its labeling. In addition to denying Plaintiffs' substantive allegations, Health-Ade denies that class certification is appropriate in this case.

3. **Legal Issues:**

a. **Plaintiffs' Statement**

Whether the challenged statements described in Plaintiffs' complaint are unfair, unlawful, or fraudulent within the meaning of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

(a) Whether the challenged statements described in Plaintiffs' complaint violate the California the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §

17500, *et seq.*;

   (b) Whether the challenged statements described in Plaintiffs' complaint violate the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 770, *et seq.*;

   (c) Whether the challenged statements described in Plaintiffs' complaint give rise to a claim for breach of express warranty, Cal. Com. Code § 2313, *et seq.*;

   (d) Whether Plaintiffs' claims are amenable to class action treatment, and in particular, (1) whether the membership of the class is ascertainable; (2) whether the class is sufficiently numerous, (3) whether common issues of fact and/or law exist, (4) whether Plaintiff is typical of the members of the putative class; (5) whether Plaintiff and her counsel will adequately represent the putative class; (6) whether common issues predominate over individual issues; and (7) whether class treatment is superior to other forms of adjudication.

  b. **Health-Ade's Statement.**

In addition to the propriety of class certification and the issues described above in Plaintiffs' section, key legal issues will include whether Plaintiffs suffered any cognizable injury. .

The parties reserve their rights to supplement or amplify the foregoing issues as the case progresses and as circumstances warrant.

  (a) **Motions:**

Health-Ade anticipates filing a motion for summary judgment.

Plaintiffs anticipate that some of the legal issues will be determined by Plaintiffs' motion for class certification. Plaintiffs reserve their rights to bring motions for summary judgment, depending on the outcome of discovery.

  **4.** **Amendment of Pleadings:**

Plaintiffs acknowledge that, depending on the Court's disposition of such motions, he may seek leave to amend the pleadings. Defendant reserves its right to oppose any such request to amend.

///

LA 133701943v1

5. **Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and are meeting and conferring pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**6. Disclosures:**

The parties will exchange Initial Disclosures on or by July 3, 2018.

**7. Discovery:**

No formal discovery has been exchanged to date. Plaintiffs do not believe that bifurcation of discovery into "class" and "merits" phases is necessary, practical, or appropriate at this time. It is Plaintiffs' position that there will be significant overlap among the issues relevant to class certification and class liability. Plaintiff believes that any attempt to bifurcate discovery will result in greater inefficiency and may generate endless disputes about line-drawing.

The parties propose the following discovery plan:

**A. Topics of Discovery**

In general, the parties anticipate engaging in written discovery (requests for production, interrogatories, requests for admission) and taking depositions of individuals and entities disclosed in initial disclosures, additional percipient witnesses identified through discovery, and expert witnesses disclosed pursuant to Rule 26(a)(2). The parties provide a brief statement of topics they believe are relevant below. Inclusion of the below topics is not an admission by any party that such topics are relevant or discoverable.

*i. Plaintiffs' Statement*

Plaintiffs intends to seek discovery regarding, among other things: (i) the number of units sold during the class period; (ii) the amount of revenue derived by Defendant from the sales of the products; (iii) the content of Defendant's advertising, marketing material, and other public statements; (iv) exemplars of precut packaging throughout the class period; (v) organizing documents for each entity involved in the marketing or sale of the products including

-6-

organization chars, board meeting minutes, operating agreements, employee contacts, etc; (iv) studies, trial or any purported basis for sugar content representations; (viii) product testing; (ix) individuals consulted regarding the development of the product; (x) customer complaints regarding the product; and (xi) experts and evidence on which Defendants rely.

### *i. Defendant's Statement*

Health-Ade intends to take discovery regarding, among other things, Plaintiffs' claims of damage, injury, or deception, the support for Plaintiffs' assertion that the sugar content of Health-Ade's beverages is understated, Plaintiffs' purchase transactions, and discovery regarding the propriety of class certification.

### B. Confidentiality and Privilege

The parties recognize that a protective order will be required in order to safeguard confidential information and, should the action become at issue and discovery commence, the parties will submit a proposed protective order for the Court's approval. To the extent a discovery request calls for privileged information, the parties will meet and confer regarding a mutually agreeable date to exchange privilege logs. The parties agree to comply with the claw-back provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502.

### C. Changes Regarding Discovery Rules and Limitations

At the present time, the parties do not believe changes should be made regarding discovery rules and limitations. The parties reserve the right to reevaluate this position as discovery commences.

### 8. Class Actions:

### A. Schedule for the Filing of Plaintiffs' Motion for Class Certification

Plaintiffs intend to file a motion for class certification. Plaintiffs propose the following briefing schedule for Plaintiff's motion:

| Event | Deadline |
|---|---|
| Filing Deadline for Plaintiff's Motion for Class Certification | January 18, 2019 |
| Filing Deadline for Defendant's Opposition to Plaintiff's Motion for Class Certification | March 1, 2019 |

| | |
|---|---|
| Filing Deadline for Reply re: Class Certification | March 29, 2019 |

Given the sheer number of plaintiffs (23) and number of different claims arising under the laws of different states across the country, Health-Ade believes that Plaintiffs' proposed schedule is too aggressive. Health-Ade proposes that Plaintiffs file their opening brief March 1, 2019; with six weeks for opposition, and four weeks for reply.

**B. Plaintiffs' Civil L.R. 16-9 (b) Statement:**

Pursuant to Civil L.R. 16-9(b), Plaintiffs provide the following additional information:

**i. The Specific Paragraphs of Fed. R. Civ. P. 23 under which the Action is Maintainable as a Class Action:**

Plaintiff contends that this action is maintainable under Rule 23 paragraphs (a) and (b)(3).

**ii. A Description of the Class or Classes on Whose Behalf the Action is Brought:**

Plaintiffs pray the Court will certify the three classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, as defined and set forth in his Complaint [ECF No.1]; to-wit:

**California Class**
All persons in California who purchased Health-Ade Kombuchas from March 23, 2014 until the date of judgment in this action for personal or household use, and not for resale or distribution purposes. Specifically excluded from this Class is Defendant; the officers, directors, or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of Defendant ("California Class"). Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

**National Class**
All persons in the United States who purchased Health-Ade Kombuchas from March 23, 2014, until the date of judgment in this action for personal or household use, and not for resale or distribution purposes. Specifically excluded from this Class is Defendant; the officers, directors, or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of Defendant ("National Class"). Also excluded are those who assert claims for personal injury as well as any

federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

**Consumer Protection Class**
All persons who reside in states in the United States with similar consumer protection laws, breach of express warranty laws and breach of implied warranty law, who purchased Health-Ade Kombuchas from March 23, 2014, until the date of judgment in this action, for personal or household use, and not for resale or distribution purposes ("Consumer Protection Class"). Specifically excluded from this Class are Defendant; the officers, directors, or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of Defendant. Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

### iii. Facts Showing that Plaintiff is Entitled to Maintain the Action under Fed. R. Civ. P. 23(a) and (b):

The Classes are sufficiently numerous, as each includes thousands of persons who have purchased the Product. There are questions of law and fact common to each Class for purposes of Rule 23(a)(2), whether Defendant's labels and packaging include uniform misrepresentations and omissions that misled Plaintiffs and the other members of the Classes to believe the Product was healthier and contained less sugar than actually the case. The members of each Class were and are similarly affected by having purchased the Product for its intended and foreseeable purpose as promoted, marketed, advertised, packaged, and labeled by Defendant as set forth in detail herein, and the relief sought herein is for the benefit of Plaintiffs and other members of the Classes. Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the parties.

Plaintiffs and all members of each respective Class have been subjected to the same wrongful conduct because they have purchased that Product, which contains vastly more grams of sugar than represented on the products' label. Plaintiffs paid a premium for the Heath-Ade Kombuchas, on the belief the products contained between two and four grams of sugar per serving, over similar alternatives that did not make such representations. Plaintiffs and the members of each Class have thus all overpaid for the Product.

9
**JOINT CASE MANAGEMENT STATEMENT**
**Case No. 5:18-cv-01836-MMC**

LA 133701943v1

\*\*\*\*

Health-Ade denies that the requirements of Rule 23 can be met in this case.

### 9. Related Cases:

On May 30, 2018, this action was deemed related as defined by Local Rule 3-12(a). to *Bayol, et al. v. Health-Ade LLC, et. al.,* Case No. 18-cv-01462-MMC [ECF Dkt No. 14].

### 10. Relief:

The relief will depend largely on whether this case proceeds individually or as a class-action. Presently, the operative Complaint seeks the following relief: restitution; accounting of profits and/or expenses; injunctive relief; declaratory relief; and attorney's fees.

Health-Ade denies any liability and denies that any relief is appropriate.

### 11. Settlement and ADR:

Presently, the parties have not yet engaged in efforts to settle or resolve the case. The counsel for Plaintiffs and counsel for Defendant have conferred with their clients regarding ADR. The parties are open to exploring the possibility of settlement at a later time after some discovery has been conducted.

### 12. Other References:

The parties do not believe the case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

### 13. Narrowing of Issues:

The parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

### 14. Expedited Schedule:

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

### 15. Scheduling:

The parties agree that the ruling on Plaintiffs' class certification motion will affect the future course of this litigation. As such, the parties believe that it is premature to propose a schedule of trial and pretrial dates beyond those proposed herein. Accordingly, the parties

respectfully request that the Court defer setting a Schedule of Trial and Pretrial Dates until after the Court has ruled on Plaintiffs' motion for class certification, if the claims survive to that point.

To the extent the Court is nevertheless inclined to set dates for trial and the close of discovery, the parties propose the following schedule:

- Completion of fact discovery on April 16, 2019;
- Parties to exchange Rule 26 expert disclosures on or by June 18, 2019;
- Parties to exchange rebuttal expert disclosures on or by July 19, 2019;
- Completion of expert discovery on or by August 23, 2019;
- Hearing on Motions for Summary Judgment on or by September 27, 2019;
- Completion of pre-trial conference on October 29, 2019, at 3:00 p.m.;
- Commencement of trial on November 11, 2019, at 9:00 a.m.

### 16. Trial:

Plaintiffs have demanded a jury trial on all issues so triable. The scope of the trial will principally depend on this Court's disposition of class certification and any dispositive motions that the parties may file. Similarly, the estimated length of the trial will depend on, among other things, whether this case proceeds as a class action or an individual basis, and on the number and nature of the class(es) that are certified, if any. Thus, it is difficult for the parties to provide meaningful estimates regarding the length of any trial.

The parties suggest that the Court set another scheduling conference after ruling on Plaintiffs' motion for class certification, to set a trial date. The length of the trial will be dependent upon the outcome of Defendant's 12(b)(6) motion, whether the case proceeds individually or as a certified class action, and any summary judgment motions that are filed. To the extent the Court is inclined to set a trial date at this juncture, the Parties refer the Court to the scheduling proposal in Section 15, above.

### 17. Disclosure of Non-Interested Entities or Persons:

Plaintiffs filed their Notice of Interested Parties on June 22, 2018. [ECF Dkt. No.30] Defendant filed its Notice of Interested Parties on May 18, 2018 [ECF Dkt. No.11]

/ / /

-11-
**JOINT CASE MANAGEMENT STATEMENT**
**Case No. 5:18-cv-01836-MMC**

*LA 133701943v1*

**18. Miscellaneous Matters:**

There are presently no other matters to discuss at this time.

DATED: June 22, 2018 **BRADLEY/GROMBACHER, LLP**

By: /S/ *Kiley Lynn Grombacher*
    Marcus J. Bradley, Esq.
    Kiley Lynn Grombacher, Esq.
    Attorneys for Plaintiffs

DATED: June 22, 2018 **GREENBERG TRAURIG, LLP**

By: /S/ *Benjamin S. Kurtz*
    Robert J. Herrington
    Benjamin S. Kurtz
    Attorneys for Defendant
    HEALTH-ADE LLC